

Michael R. Yellin
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201.525.6258
Writer's Direct Fax: 201.678.6258
Writer's E-Mail: MYellin@coleschotz.com

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax

New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

January 11, 2021

**Via Electronic Case Filing**
Honorable Paul G. Gardephe, USDJ
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    Roku Inc. v. The Individuals, et al.
              Case No. 1:22-cv-00202 (PGG)

Dear Judge Gardephe:

      This Firm represents Roku Inc. ("Plaintiff") in connection with the above-referenced matter. We respectfully submit this supplemental letter in further support Plaintiff's application for *ex parte* temporary injunctive relief. (Doc. Nos. 5-8).

      As set forth in the Complaint, this matter arises from the marketing and sale of counterfeit "Roku" products and the defendants' direct infringement on Plaintiff's trademarks. We are aware of this Court's recent Sealed Order in a similar matter, entitled Trebco Specialty Products, Inc v. The Individuals, et al, Case No. 21-Civ-9238, and the concerns Your Honor raised concerning personal jurisdiction in that matter. We write to specifically elaborate upon the bases for this Court to exercise personal jurisdiction over defendants in this case.

      As made clear in this Court's Trebco Order, this Court will not exercise jurisdiction over a defendant that merely has the ***ability*** to accept and close on a purchase of infringing products into New York. In that regard, this Court held that it was not enough for a plaintiff to submit a screen shot of a checkout page on a named defendants' online store, but rather that the plaintiff must "demonstrate that . . . the named Defendants ***accepted*** the orders to New York." Id. (emphasis added); see also Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020). In fact, as noted in Spin Master, a single transaction is sufficient to support the exercise of personal jurisdiction. Id. at 363 (citing WowWee Grp. Ltd. v. Meirly, No. 18-CV-706 (AJN), 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27, 2019)).

      In connection with its present application for *ex parte* temporary injunctive relief, Plaintiff has submitted, for each of the defendants identified on Schedule A to the Complaint, both (i) screen shots from defendants' online marketplace accounts showing the sale and marketing of infringing

Cole Schotz P.C.

Honorable Paul G. Gardephe, USDJ
January 11, 2021
Page 2

products and (ii) proof of an order that was actually ***placed and accepted*** by each of the named defendants.  See Declaration of Karina Levitian (Doc. No. 8), Exh. B (Nos. 1-130).

  We believe that this evidence should alleviate any concerns this Court may have concerning its ability to exercise personal jurisdiction over the defendants.  We are, of course, available to answer any questions this Court may have.

  As always, we thank the Court for its time and attention to this matter.

         Respectfully submitted,

         */s/ Michael R. Yellin*

         Michael R. Yellin