UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROKU INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: <br><br> 22 CIV. 202 |

## PLAINTIFF'S MOTION TO SEAL

Plaintiff ROKU INC ("Plaintiff") respectfully submits this application to file under seal the following documents associated with the above referenced action until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1)  Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' Seller Names and Defendant Domain Names and/or the Online Marketplace Accounts (the "Defendant Internet Stores"), and

(2)  screenshot printouts showing the active Defendant Internet Stores (Exhibit 2 to the Declaration of Karina Levitian).

Plaintiff has filed its public-record version of the documents redacted and concurrently herewith has provisionally filed the documents electronically under seal.

1

In this action, Plaintiff is requesting this *ex parte* relief based on claims for trademark counterfeiting and infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its Schedule A attached to the Complaint and Exhibit 2 to the Declaration of Karina Levitian under seal. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al.* No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al* No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated: January 10, 2022                                     Respectfully submitted,

                                                            COLE SCHOTZ P.C.

MEMO ENDORSED
The Application is granted. *for the reasons stated above.*
SO ORDERED:
*/s/ Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Jan. 20, 2022

By: */s/ Michael R. Yellin*
    Michael R. Yellin
    1325 Avenue of the Americas
    19th Floor

2

New York, New York 10017
(201)525-6258
myellin@coleschotz.com

-and-

THOITS LAW
Christopher Tom, Esq.
400 Main Street, Suite 250
Los Altos, CA 94022
(650) 327 4200
ctom@thoits.com

Attorneys for Plaintiff Roku Inc.
