UNITED STATES DISTRICT COURT

SOUTHERN DISTRICTDISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROKU INC., | ) | |
| | ) | CASE NO. 1:22-cv-202 |
| Plaintiff, | ) | |
| | ) | **Defendant CHUNGHOP** |
| vs. | ) | **STORE's Response to the OSC** |
| | ) | |
| Entities on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHUNGHOP STORE'S RESPONSE TO THE OSC**

Defendant CHUNGHOP STORE is filing to response in opposition to Plaintiff's

Motion for Preliminary Injunction because  Plaintiff failed prove tha there is likelihood of

success on the merit of the case.

In order for a movant to prevail on its motion for a preliminary injunction, it must

demonstrate both "(a) irreparable harm and (b) either a likelihood of success on the

merits or sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly in the movant's favor." *United

States Shoe Corp. v. Brown Grp., Inc.*, 740 F. Supp. 196, 197 (S.D.N.Y. 1990)

To prove infringement, a trademark owner must demonstrate that the alleged

infringer's use of the mark is likely to cause confusion or mistake as to the origin of the

two products. When a mark is made of descriptive terms, the alleged infringer may

defend his use of the terms by demonstrating that he used them in good faith in their

descriptive sense and not as a trademark, thus making "fair use" of descriptive terms, as

codified in Section 33(b)(4) of the Lanham Act. *Id*. at 198. Defendant that is not using the

phrase as an identifier or trademark to indicate origin or source is not infringing the mark. Id. at 199.

## **Defendant's Use The Word "ROKU" Is Descriptive Fair Use**

Defendant is an internet seller that sells replacement remote controls for TVs, including Roku TV. For all Defenant's products, Defendants either used the words remote control for Roku TV or remote control compatible with Roku TV. Without using the word "Roku," consumers have no clue whether the replacement remote will work with Roku TV. Just like phone charger sellers that state charger compatible with Apple or Sumsung, there is no way to get around the usage of trademarked words to describe the compatability of certain after-market products. Moreover, Defendant is not using the word as a trademark or identifier to indicate origin or source of the product. Instead, it is used in a sentence to indicate the compatibility of the product. Defendant clearly indicated that this product is CHUNGHOP, which is in enlarged bond font. There is no likelihood that a consumer will confuse this mark with Plaintiff's mark. See the screenshots below for Defendant's products.





Electronics › Accessories & Supplies › Audio & Video Accessories › Remote Controls & Accessories › Remote Control

**CHUNGHOP Replacement Remote Control NS-RCRUS-17 Compatible with Insignia roku Smart tv 4K HDTV HDR UHD TV with Netflix Google Play Hulu Sling**

Visit the CHUNGHOP Store

★★★★☆    21 ratings

**Currently unavailable.**
We don't know when or if this item will be back in stock.

| | |
|---|---|
| Brand | CHUNGHOP |
| Compatible Devices | Television |
| Maximum Range | 30 Feet |
| Number of Batteries | 2 AA batteries required. |

**About this item**

- The NS-RCRUS-17 replaced remote control with 100% brand new and high quality fits for Insignia Roku LED TV. ( Do Not Fit For Roku 1 2 3 4 HD/LT/XS/XD and Roku Streaming Stick )
- Compatible with the following Insignia Roku TV: NS-24ER310NA17 NS-32DR510NA17 NS-48DR510NA17 NS-24ER510NA17 NS-55DR710NA17 NS-50DR710NA17 NS-43DR620NA18 NS-50DR620NA18 NS-55DR620NA18 NS-65DR620NA18 NS-50DR620CA18 NS-55DR620CA18 NS-39DR510NA17 NS24ER310NA17 NS32DR510NA17 NS48DR510NA17
- NS43DR710NA17 NS55DR710NA17 NS50DR710NA17 NS43DR620NA18 NS50DR620NA18 NS55DR620NA18 NS65DR620NA18 NS50DR620CA18 NS55DR620CA18 NS39DR510NA17 NS-32DR420NA16 NS-32DR420NA16A NS-32DR420NA16B NS-40DR420NA16 NS-40DR420NA16B
- Also fit for following models: NS-RCRUDUS-17 (p/n: 398GR10BEBYN000) NS-RCRUS-19 (p/n: NSRCRUS19) NS-RCRUDCA-18 (p/n: 398GR10BEBYN0007) NS-RCRUS-18 (p/n: NSRCRUS18) NS-RCRUDUS-18 (p/n: 398GR10BDBYN0006) NS-RCRUS-20 (p/n: NSRCRUS20)
- With Netflix, Google Play, Hulu and Sling Keys, you can choose your favorite channel easily! No programming or pairing Needed. Just install two new batteries and ti can work well. Notice: the batteries are NOT included.

Compare with similar items

Product Description

# CHUNGHOP®

CHUNGHOP replacement remote control
NS-RCRUS-17 compatible with Insignia
Roku Smart TV Remote Insignia Roku
smart HDTV 4K UHD LED HDR TV remote

CHUNGHOP replacement remote control NS-RCRUS-17 compatible with insignia roku smart tv remote insignia roku smart 4K HDTV HDR UHD TV remote fit for 24, 32, 39, 40, 43, 48, 49, 50, 55, 65 inch LED LCD TV and 720p, 1080p Class HDTV tv remote.

Compatible with the following Insignia Roku TV' NS-24ER310NA17, NS-32DR310NA17, NS-48DRS10NA17, NS-24ER310NA17, NS-55DR710NA17, NS-50DR710NA17, NS-43DR620NA18, NS-50DR620NA18, NS-55DR620NA18, NS-65DR620NA18, NS-50DR620CA18, NS-55DR620CA18, NS-39DRS10NA17, NS24ER310NA17, NS32DR310NA17, NS48DRS10NA17, NS43DR710NA17, NS55DR710NA17, NS55DR710NA17, NS43DR620NA18, NS50DR620NA18, NS55DR620NA18, NS65DR620NA18, NS50DR620CA18, NS55DR620CA18, NS39DRS10NA17, NS-32DR420NA16, NS-32DR420NA16A, NS-32DR420NA16B, NS-40DR420NA16, NS-40DR420NA16B.

Also fit for following models:

NS-RCRUDUS-17 (p/n: 398GR10BEBYN000) NS-RCRUS-19 (p/n: NSRCRUS19)

NS-RCRUDCA-18 (p/n: 398GR10BEBYN0007) NS-RCRUS-18 (p/n: NSRCRUS18)

NS-RCRUDUS-18 (p/n: 398GR10BDBYN0006) NS-RCRUS-20 (p/n: NSRCRUS20)

   

No Voice Search    No Pairing Button    No Headphone Jack    No Status LED

  

**Fast and Convenient**
With Netflix, Google Play, Hulu and Sling Keys, you can choose your favorite channel easily!

**Long Distance**
The maximum control far of the AN-MR500G remote control distance is about 10m / 33ft.

**Installing Batteries**
1.Remove the battery cover from the remote
2.Put the new AAA batteries into the remote.
3.You can control your player with your remote

*No programming or pairing Needed. Just install two new batteries and ti can work well. Notice: the batteries are NOT included.*

4

## Plaintiff Failed To Prove that Design Only Mark 6076830 Is Protectable

## Under Common Law

Registration of a mark on a supplemental register cannot give validity to a mark, the use of which would be invalid at common law. *C&L Int'l Trading, Inc. v. Am. Tibetan Health Inst., Inc.,* 2013 U.S. Dist. LEXIS 164393, at *7-8 (S.D.N.Y. Nov. 18, 2013**).** Accordingly, plaintiffs may obtain the relief provided by the Lanham Act **only if** their marks are entitled to protection under common law — that is, if their marks are sufficiently distinctive to distinguish their goods from the goods of others. *Id.* at 8 citing *Star Indus., Inc. v. Bacardi & Co. Ltd.,* 412 F.3d 373, 381 (2d Cir. 2005). (emphasis added). "Such distinctiveness may be demonstrated in either of two ways. The mark may be 'inherently distinctive' if its intrinsic nature serves to identify its particular source. Alternatively, even if not inherently distinctive, the mark may be distinctive by virtue of having acquired a 'secondary meaning' in the minds of consumers." Id. "A mark or trade name has acquired secondary meaning if a purchaser will associate it with a certain producer, and will be likely to make that same association when an identical mark (or a confusingly similar mark), is used on another producer's product. *Id.* at 8-9 citing *Yarmuth-Dion, Inc. v. D'ion Furs, Inc*., 835 F.2d 990, 993 (2d Cir. 1987).

Here, unlike what Plaintiff claimed in its claim that

"The ROKU Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The registrations for the ROKU Trademarks constitutes prima facie evidence of their validity and of Plaintiff's exclusive right to use those trademarks pursuant to 15 U.S.C. § 1057(b). " Paragraph 18 on [Dkt 1].

Plaintiff's design only mark 6076830 is non distinctive mark, the registration of which is invalid. Even the trademark examer commented that "the applied-for mark **fails**

**to function as a trademark** because it consists solely of a color used on the goods."

(emphasis added). In the office action, trademark examiner explained that

"Color marks are never inherently distinctive and can only be registered on the
Supplemental Register or on the Principal Register with sufficient proof of acquired
distinctiveness. *See Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 162-63, 34
USPQ2d 1161, 1162-63 (1995); *In re Gen. Mills IP Holdings II, LLC*, 124 USPQ2d
1016, 1018 & n.4 (TTAB 2017) (citing *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529
U.S. 205, 211-12, 54 USPQ2d 1065, 1068 (2000)); TMEP §1202.05(a)."

The examiner further noted that

"The burden of proving that a color mark has acquired distinctiveness is substantial. *In
re Owens-Corning Fiberglas Corp.*, 774 F.2d 1116, 227 USPQ 417 (Fed. Cir. 1985)
(holding the color pink used on fibrous glass residential insulation to have acquired
distinctiveness based on evidence of twenty-nine years' use, extensive affidavit and
documentary evidence, surveys, and extensive media advertising expenditures); *In re Am.
Home Prods. Corp.*, 226 USPQ 327 (TTAB 1985) (holding combination of colors pink,
white and yellow used on an analgesic/muscle relaxant tablet to have acquired
distinctiveness based on evidence of more than twenty years' use, extensive advertising,
and sales of over two billion tablets from 1960-1980); *cf. In re Benetton Group S.p.A.*, 48
USPQ2d 1214 (TTAB 1998).  A mere statement of long use is not sufficient; an applicant
must provide evidence demonstrating that the color mark has acquired source-indicating
significance in the minds of consumers.  TMEP §1202.05(a); *see* TMEP §1212.06."

See **Exhibit 1** for trademark examiner's office action of refusing the mark on the

principal register.

Plaintiff neglected to respond to this portion of the office action and failed to

provide any evidence that support sufficient proof of acquired distinctiveness. Instead,

Plaintiff elected to register this mark, after being finally refused by the USPTO, on the

Supplemental Register, knowing that this mark lacks sufficient distinctiveness among

many other similar designs on the market.

Plaintiff also failed to prove or even did not bother to prove that this mark is

sufficiently distinctive to afford a common law protection. All Plaintiff stated on the

Complaint was merely 4 paragraphs filled with conclusory boilerplates, **6 sentences in total**. For example, Plaintiff claimed that

"The ROKU Trademarks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff and Plaintiff has and continues to widely market and promote the ROKU Trademarks in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the ROKU Products' website and social media sites, and point of sale materials."

See paragraph 17 on [Dkt 1]

Plaintiff then stated that

"The ROKU Trademarks are distinctive and identify the merchandise as goods from Plaintiff." See paragraph 18 on [Dkt 1].

Again, without any substantive evidence to support how this color mark becomes distinctive.

Plaintiff even stated that

"The registrations for the ROKU Trademarks constitutes prima facie evidence of their validity and of Plaintiff's exclusive right to use those trademarks pursuant to 15 U.S.C. § 1057(b)." See paragraph 18 on [Dkt 1].

This is totally wrong because registration on the supplemental register is NOT prima facie evidence of their validity and of Plaintiff's exclusive right to use those trademarks pursuant to 15 U.S.C. § 1057(b), which is clearly ruled in *C&L Int'l Trading.*

Plaintiff essentially glossed over the serious question raised by the trademark office that this mark is not protectable under the Lanham Act and falsely led the Court to believe that it has already registered the mark on the principal register.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 6,076,830**

**Registered Jun. 09, 2020**

**Int. Cl.: 9**

**Trademark**

**Supplemental Register**

Roku, Inc.  (DELAWARE CORPORATION)
150 Winchester Circle
Los Gatos, CALIFORNIA 95032

CLASS 9: Remote controls for televisions; Remote controls for speakers, digital media streaming devices, televisions, monitors, media players, and audio and video receivers and transmitters; Computer hardware for controlling speakers, digital media streaming devices, televisions, monitors, media players, and audio and video receivers and transmitters; Electronic controllers for speakers, digital media streaming devices, televisions, monitors, media players, and audio and video receivers and transmitters; Wireless controllers to monitor and control the functioning of other electronic devices; Wireless controllers to remotely monitor and control the function and status of other electrical, electronic, and mechanical devices or systems, namely, speakers, digital media streaming devices, televisions, monitors, media players, and audio and video receivers and transmitters

FIRST USE 7-31-2011; IN COMMERCE 7-31-2011

The color(s) purple is/are claimed as a feature of the mark.

The mark consists of the color purple as applied to portions of a remote controller, wherein the color purple is applied to the entirety of the exterior surface of a directional control button located on a remote control for a streaming video player. The outline of the goods is intended to show the position of the colors on the goods and forms no part of the mark serving as positional reference only.

OWNER OF U.S. REG. NO. 4336488

SER. NO. 88-434,630, FILED P.R. 05-17-2019; AM. S.R. 02-11-2020

**Plaintiff's Design Only Mark 6076830**

Even if Plaintiff's color mark is protectable under common law, there is no infringement because Defendant's cross button is **blue** while Plaintiff claimed **purple** as the mark, which is sufficient different.

### Plaintiff Failed to Provide Notice of the Complaint and
### the Show Cause Hearing Order

To this day, Defendant did not receive any single email from Plaintiff about the Complaint, the Show Cause Hearing Order, or any other notice that there is a Show Cause hearing coming up very soon until the undersigned checked the Court docket couple days ago when Defendant first retained the undersigned. Defendant will be unfairly prejudiced if the preliminary injunction is entered due to Plaintiff's inequitable conduct of not serving Defendant any notice of this hearing, knowing that Defendant resides in China.

### CONCLUSION

For the reasons above, Defendant respectfully requests that this Court not enter the preliminary injunction.

Respectfully submitted,

Jan 28, 2022                         By: s/Shengmao Mu
                                          Shengmao Mu

                                     Whitewood Law PLLC

                                     57 West, 57th Street,
                                     3rd and 4th Floors,
                                     New York, NY, 10019
                                     Telephone (917)-858-8018
                                     Facsimile (917)- 591-0618
                                     mousamuel@whitewoodlaw.com

                                     Attorney for Defendant