## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROKU INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE INDIVIDUALS, CORPORATIONS, )<br>LIMITED LIABILITY COMPANIES, )<br>PARTNERSHIPS, AND )<br>UNINCORPORATED ASSOCATIONS )<br>IDENTIFIED ON SCHEDULE A )<br>HERETO, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:22-cv-00202-PGG |

**DEFENDANT JEM&JULES'S RESPONSE TO THE ORDER TO SHOW CAUSE**

Defendant JEM&JULES (hereinafter, "Defendant") submits this Opposition to Plaintiff's Motion for Preliminary Injunction.

Defendant is an internet seller of replacement remote controls for TVs, including Roku TV. Plaintiff accuses Defendant of selling the remote controls of the brand "Gxcdizx," who upon information and belief, is not a party to this case.

A copy of Plaintiff's evidence of sales by Defendant is included as Exhibit A.

The Preliminary Injunction should be denied because Plaintiffs cannot prove that there is a likelihood of success on the merits.

In order for a movant to prevail on its motion for a preliminary injunction, it must demonstrate both "(a) irreparable harm and (b) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a

balance of hardships tipping decidedly in the movant's favor." *United States Shoe Corp. v. Brown Grp., Inc.*, 740 F. Supp. 196, 197 (S.D.N.Y. 1990)

To prove trademark infringement, the owner must demonstrate that the alleged infringer's use of the mark is likely to cause confusion or mistake as to the origin of the two products. See, *Radiance Found, Inc. v. NAACP*, 786 F.3d 316, 322 (4th Cir. 2015). Likewise, when a mark is referred to in descriptive terms, the alleged infringer may defend his use of the terms by demonstrating that he used them in good faith in the descriptive sense and not as a trademark, thus making "fair use" of descriptive terms, as codified in Section 33(b)(4) of the Lanham Act. *Brown Grp.*, 740 F. Supp. at 198. A defendant that is not using the phrase as an identifier or trademark to indicate origin or source is not infringing the mark. Id. at 199.

### 1. Defendants' Use of the Word "ROKU" in Advertising Constitute Descriptive Fair Use

Defendants have identical titles for their respective product sales. The advertisement of Defendant's product is listed as "Gxcdizx Universal Remote Control for Roku 1/2/3/4 HD LT XS XD IR ROKU Remote" (Ex. A, at 2, 7).

Defendant identifies that the remote controls are compatible with Roku technology. Without using the word "Roku," consumers have no clue whether the replacement remote will work with Roku TV. Just like phone charger sellers that state charger compatible with Apple or Sumsung, there is no way to get around the usage of trademarked words to describe the compatibility of certain after-market products. Moreover, Defendant is not using the word as a trademark or identifier to indicate origin or source of the product. Instead, it is used in a sentence to indicate the compatibility of the product.

Moreover, the designation that these are Gxcdizx products informs the customer of the manufacturer and that they were not produced by Roku or Roku affiliate.

2. **Defendants' Product Do Not Infringe Plaintiff's Purple Design Mark**

Plaintiff accuses Defendants of infringing US TM Reg. No. 6076830, which is a design mark directed to a particular color of purple. A copy of the protected color of purple alongside Defendants' products is shown in the table below.

| US TM Reg. No. 6076830 | Image from Ex. A, at 2 and 7. |
|---|---|
|  | |

As shown above, the color employed by Defendant's product is much darker shade than the bright-purple that they registered as a trademark. Upon information and belief, Plaintiff registered "Blue-Violet", whereas Defendant's product utilizes indigo. This is a substantial and clear color difference. Given the very clear differences in color shade, customers are not likely to be confused as to the origin of the product.

3.  **Defendants' Usage of the Roku Word Mark Would Not Lead to <u>Customer Confusion</u>**

The term "USARMT ROKU-T11078" is found in small letters on the bottom of Defendants' product "Universal Remote for VC ROKU TV" (Ex. A, at 2, 7). The relevant confusion is that which "affects 'the purchasing and selling of the goods or services in question.'" *Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d. Cir. 1991) (quoting *Programmed Tax Systems, Inc. v. Raytheon Co.*, 439 F. Supp. 1128, 1132 (S.D.N.Y. 1977). Accordingly, the overall impression of the advertisement is of central importance.

The listed product as advertised is shown below.



Ex. A. at 2, 7.

The brand is specifically identified as "Gxcdizx" and not Roku. Likewise, the descriptive title of the product calls it a "Gxcdizx Universal Remote *<u>for</u>* Roku". A reasonable person reading

4

the title would understand that the brand is CØLIPSØ is this product is merely compatible with Roku products, and not made by Roku.

## CONCLUSION

For the reasons above, Defendants respectfully request that this Court release the preliminary injunction as to Defendants.

Respectfully submitted,

Brooklyn, New York

Date:  February 16, 2022

Steven R. Fairchild
Fairchild Law, LLC
170 Parkside Avenue, 3F
Brooklyn, NY 11226
Bar number: SF1994
Steve@fairchildlegal.com
(703) 994-0193 (phone)