UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROKU, INC.,

                Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,

                Defendants.

**ORDER**

22 Civ. 202 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff has moved for entry of a final judgment and permanent injunction against the twenty remaining Defendants in this case – Gaudi, HzgangDirect, WINBOUS, AuntbingluuX, Electronic_outlet, huangchen123, jinyuzhir, kappdo, laceskong, Loverhart, Mccmyy, monsterlady, mykshop, noral, phonemol, Richapex2016, schaef, xuenvzhuang, Xutao, and zhanghongyue (the "Defaulting Defendants") –for their trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition arising out of the Defaulting Defendants' unauthorized use of Plaintiff's Roku Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

        WHEREAS this Court has considered the Memorandum of Law (Dkt. No. 105), Declaration of Christopher Tom (Dkt. No. 104), and all other pleadings and papers on file in this action;

        WHEREAS this Court has issued an Order of Default against the Defaulting Defendants (Dkt. No. 109); and

WHEREAS this Court has referred this matter to Magistrate Judge Figueredo for an inquest into damages (Dkt. No. 110);

It is hereby ORDERED as follows:

### I.     Permanent Injunction

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting in active concert with them – who receive actual notice of this Order – are permanently enjoined and restrained from:

    A. using Plaintiff's ROKU Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ROKU product or not authorized by Plaintiff to be sold in connection with Plaintiff's ROKU Trademarks;

    B. passing off, inducing, or enabling others to sell or pass off any product as a genuine ROKU product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's ROKU Trademarks;

    C. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    D. further infringing Plaintiff's ROKU Trademarks and damaging Plaintiff's goodwill;

    E. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be

      sold or offered for sale, and which bear any of Plaintiff's ROKU Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

F. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit ROKU products; and

G. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's ROKU Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine ROKU product or not authorized by Plaintiff to be sold in connection with Plaintiff's ROKU Trademarks.

## II. **Miscellaneous Relief**

A. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses identified by Plaintiff and any email addresses provided for Defaulting Defendants by third parties.

B. The five thousand-dollar ($5,000) bond posted by Plaintiff, including any interest minus the registry fee, will be released to Plaintiff or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel once such notice is provided.

3

C. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: New York, New York
September 19, 2022

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

4