UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                               :

ROKU, INC.,                                  :

                                   :          22-CV-0202 (JAV) (VF)
                  Plaintiff,         :

                                   :          ORDER ADOPTING
            -v-                        :          REPORT AND
                                   :          RECOMMENDATION
THE INDIVIDUALS, CORPORATIONS, LIMITED   :
LIABILITY COMPANIES, PARTNERSHIPS, AND   :
UNINCORPORATED ASSOCIATIONS IDENTIFIED  :
ON SCHEDULE A HERETO,                   :

                                   :
                 Defendants.       :
------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

       In this action, Roku, Inc. ("Plaintiff" or "Roku") alleges that Defendants operate one or more commercial, interactive Internet stores through which New York residents can purchase counterfeit products bearing, using, or infringing on Plaintiff's trademarks, which are covered by U.S. Trademark Registration Nos. 6464718, 6076830, 5886527, 5886526, 5151588, 4937515, 4937514, 4937513, 4843920, 4839473, 4618984, 4286059, 4286058, and 3177666 (the "Roku Trademarks"). On July 27, 2022, Judge Paul G. Gardephe issued an Order to Show Cause Why Default Judgment and Permanent Injunction Should Not Be Entered Against the Defaulting Defendants. (ECF No. 107). Subsequently, after holding a show cause hearing, Judge Gardephe entered an order granting default judgment in favor of Roku against Defendants Gaudi, HzgangDirect, WINBOUS, AuntbingluuX, Electronic_outlet, huangchen123, jinyuzhir, kappdo, laceskong, Loverhart, Mccmyy, monster lady, mykshop, noral, phonemol, Richapex2016, schaef, xuenvzhuang, Xutao, and zhanghongyue (the "Defaulting Defendants"). ECF No. 109. The

matter was referred to Magistrate Judge Valerie Figueredo to conduct an inquest into damages, including the award of injunctive relief. *Id.*

In the Report and Recommendation filed on March 31, 2025, Magistrate Judge Figueredo recommended that Roku be awarded $1,050,000 in total statutory damages under the Lanham Act, 15 U.S.C. § 1117(c), and post judgment interest; that Roku's request for a permanent injunction, enjoining the Defaulting Defendants from further counterfeiting or infringing the Roku Trademarks be granted; and that Roku's request for a post judgment asset restraint be granted. ECF No. 132.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 132. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of

the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Miller*, 43 F.4th at 120.

As no party has submitted objections to the Report and Recommendation, review for clear error is appropriate. Careful review of Judge Figueredo's thorough and well-reasoned Report and Recommendation reveals no facial error in its conclusions.[1] The Report and Recommendation is therefore ADOPTED in its entirety.

The Clerk of Court is directed to enter a judgment in favor of Plaintiff and against each of the Defaulting Defendants on Counts I and II of the Complaint. The judgment shall award Plaintiff statutory damages under the Lanham Act, 15 U.S.C. § 1117(c) in the following amounts:

$150,000 against Defendant Gaudi;

$100,000 against HzgangDirect;

$25,000 against AuntbingluuX;

$25,000 against Electronic_outlet;

---

[1] The Court notes that there is a split among the courts in this District as to the appropriateness of entering a post-judgment asset freeze and transfer order on a defendant that has defaulted. *Compare Off-White LLC v. ^_^Warm House^_^Store*, No. 17 CIV. 8872 (GBD) (GWG), 2019 WL 418501, at *6 (S.D.N.Y. Jan. 17, 2019) ("[C]ourts in this district routinely order transfers of infringing defendant's frozen assets.") *with Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 383 (S.D.N.Y. 2020) ("The Court concludes that it lacks the power to impose the post-judgment asset restraint and transfer . . . ."). No party has objected to the section of the Report and Recommendation addressing an asset freeze and transfer. Although the Court may have reached a different conclusion were the issue to be presented for *de novo* review, in light of the reasoned precedents supporting this aspect of the Report and Recommendation, the Court finds no clear error.

$25,000 against huangchen123;

$50,000 against jinyuzhir;

$100,000 against kappdo;

$25,000 against laceskong;

$100,000 against Loverhart;

$50,000 against Mccmyy;

$100,000 against Monsterlady;

$25,000 against Mykshop;

$50,000 against Noral;

$100,000 against Phonemol;

$25,000 against Richapex2016;

$25,000 against Schaef;

$25,000 against Xuenvzhuang;

$25,000 against Xutao;

$25,000 against zhanghongyue.

Post-judgment interest shall be awarded pursuant to 28 U.S.C. § 1961.

Additionally, the Defaulting Defendants, their affiliates, officers, agents, servants, employees, and attorneys, and all persons who are in active concert or participation with them, who receive actual notice of this Order, are permanently enjoined and restrained from:

1. using Plaintiff's Roku Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution,

marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold in connection with Plaintiff's Roku Trademarks;

2. passing off, inducing, or enabling others to sell or pass off any product as a genuine Roku product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Roku Trademarks;

3. committing any acts calculated to cause consumers to believe that the Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

4. further infringing Plaintiff's Roku Trademarks and damaging Plaintiff's goodwill;

5.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Roku Trademarks and/or any reproductions, counterfeit copies, or colorable imitations thereof; and

6. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Roku Trademarks and/or any reproductions, counterfeit copies, or

colorable imitations thereof that is not authorized by Plaintiff to be sold in connection with the Plaintiff's Roku Trademarks.

Furthermore, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, all monies or assets currently restrained in Defaulting Defendants' financial accounts by operation of the Preliminary Injunction entered on February 10, 2022 (ECF No. 41), including monies and assets held by (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba"), (v) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (vi) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vii) eBay, Inc. ("eBay"), (viii) Coinbase Global, Inc. ("Coinbase"), (ix) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (x) AllPay Limited ("AllPay"), (xi) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xii) World First UK Ltd. ("World First"), and (xiii) Paxful, Inc. ("Paxful"), are hereby released and shall be transferred to Plaintiff within twenty (20) days of the receipt of this Order in satisfaction of each Defaulting Defendant's individual damages award, as set forth above, **provided that** the amounts released and transferred to Plaintiff from a Defaulting Defendant's financial accounts shall not exceed such Defaulting Defendant's individual damages award. The restraints previously imposed on the transfer or disposition on such monies and assets by the Preliminary Injunction are hereby lifted to the extent such monies and assets are in excess of such Defaulting Defendant's individual damage award, and may be released to such Defaulting Defendant.

Within forty-five (45) days of the date of this Order, Plaintiff shall provide an accounting to this Court of all the monies and assets transferred to Plaintiff in accordance with the foregoing

paragraph; and all monies in excess of the individual damages award that have been released to the Defaulting Defendants.

The five thousand-dollar ($5,000) bond posted by Plaintiff, including any interest minus the registry fee, will be released to Plaintiff or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel once such notice is provided. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: June 2, 2025
      New York, New York

                           JEANNETTE A. VARGAS
                           United States District Judge